UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN TOCARCHICK,

    Plaintiff,

v.                                                  Civil Case No. 17-11445
                                                  Honorable Linda V. Parker

LUTHERAN SOCIAL SERVICES OF
MICHIGAN and LUTHERAN
ADOPTION SERVICES OF MICHIGAN,

    Defendant.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

On May 2, 2017, Plaintiff initiated this lawsuit against Defendants Lutheran Social Services of Michigan and Lutheran Adoption Services of Michigan. Plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons that follow, the Court is summarily dismissing the Complaint pursuant to § 1915.

Section 1915 requires a court to dismiss a case in which the plaintiff proceeds in forma pauperis "at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" "embraces not only the inarguable legal conclusion,

but also the fanciful factual allegation." *Id*. at 325. Plaintiff's Complaint is subject to dismissal because she fails to state a claim upon which relief may be granted.

As the first page of Plaintiff's Complaint reflects, she is attempting through this action to "appeal" the disposition of a lawsuit she filed against Defendants in the Circuit Court for Macomb County, Michigan. (ECF Nos. 1-1 at Pg ID 1, 1-2 at Pg Id 134, 164-171); *see also Tocarchick v. Lutheran Soc. Servs. of Mich.*, No. 2015-004254-CZ (Macomb Cty. Cir. Ct. filed Nov. 30, 2015). Federal district courts, however, generally lack jurisdiction to review and determine the validity of state court judgments. *See, e.g. Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("emphasiz[ing] that appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in [the United States Supreme Court."). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Complaint is **SUMMARILY DISMISSED WITH PREJUDICE** pursuant to 28

U.S.C. § 1915.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: June 2, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 2, 2017, by electronic and/or U.S. First Class mail.

        s/ R. Loury
        Case Manager